# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
## IN AND FOR KENT COUNTY

|  |  |  |
|---|---|---|
| STATE OF DELAWARE, | : | |
| | : | ID NO. 1501019740 |
| v. | : | |
| | : | |
| DAVID K. MORRIS, | : | |
| | : | |
| Defendant. | : | |

*Submitted: June 18, 2015*
*Decided: June 22, 2015*

***Upon Consideration of Defendant's***
***Motion to Suppress***
**GRANTED**

**ORDER**

David B. Snyder, Esquire, Deputy Attorney General, Department of Justice, Dover, Delaware for the State of Delaware.

J'Aime L. Walker, Esquire, Office of the Public Defender, Dover, Delaware for Defendant.

Young, J.

## SUMMARY

Defendant has moved to have suppressed the results of an intoxilyzer test on two bases: there was no reasonable, articulable basis for the stop of Defendant in the first place; and, following the stop and field testing, there was no probable cause to pursue the intoxilyzer test. Because the Court finds the former, Defendant's motion is **GRANTED**.

## FACTS

On January 31, 2015, Officer Perna of the Harrington Police Department noticed Defendant operating his vehicle in a manner that drew the officer's suspicion. Specifically, Defendant was observed traveling northbound on U.S. 13 in Kent County, Delaware, entering the turn lane, going southbound on 13, entering the turn lane, and repeating the whole process at least one more time. While on the (unspecified as to distance) straight away segments, the Defendant was believed to be "revving" his motor. No calculation of speed was made.

The State takes the position that the officer had a reasonable, articulable basis to suspect Defendant of driving under the influence, and to stop Defendant for a violation of 21 *Del. Code* § 4172 "speed exhibitions."

The defense notes that no calculation of speed was ever made; that no other vehicle (to race, compete against, "drag," or accelerate against) existed; that no notation of wheel spinning was noted; that, each time Defendant changed directions, he did so by activating his turn signal and properly entering the turn area of the highway; and that Defendant was never charged with a violation of § 4172 or other traffic violation.

While Defendant's chosen driving pattern was unusual, it did not constitute any violation.

## **CONCLUSION**

There being no reasonable, articulable reason to effect a traffic stop of Defendant, no testing for alcohol can be said to be valid.

Accordingly, Defendant's Motion to Suppress is **GRANTED**.

**IT IS SO ORDERED**.

/s/ Robert B. Young
J.

RBY/lmc
oc:   Prothonotary
cc:   Counsel
      Opinion Distribution
      File